IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01555-RMR-CYC

GEORGE A TALAMANTES,

Plaintiff,

v.

CAPITAL ONE AUTO FINANCE, INC., a Virginia corporation,
CARMAX AUTO SUPERSTORES, INC., a Virginia corporation,

Defendants.

---

**ORDER TO SHOW CAUSE**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter comes before the Court sua sponte due to the plaintiff's failure to prosecute his claims against the defendants and comply with Court orders. The plaintiff filed this case in Weld County District Court on March 3, 2025, ECF No. 1 ¶ 1, and defendant Capital One Auto Finance, Inc. removed it to this Court on March 19, 2026. ECF No. 1. On April 16, 2026, the Court set a Scheduling Conference on June 16, 2026, ECF No. 10 at 1, which was later converted to a Motion Hearing and reset on June 18, 2026. ECF No. 19. The plaintiff requested and was granted permission to appear at the Motion Hearing via telephone. ECF No. 20. However, the morning of the hearing, the plaintiff emailed the Court and then filed a motion asking the Court to reset the hearing to a later date due to "[a]n unexpected family medical emergency." ECF No. 56 at 2. The Court granted his request and reset the hearing on June 25, 2026. ECF No. 58. But the plaintiff failed to appear at the June 25th hearing even after the courtroom deputy attempted to contact him by email and telephone. ECF No. 59 at 1. The Court reset the Motion Hearing on July 7, 2026 and sua sponte granted the plaintiff permission to

appear at the hearing via telephone. *Id*. The minutes from the June 25, 2026 hearing were sent to the plaintiff by mail and email. *Id*. at 2. However, the plaintiff again failed to appear at the rescheduled hearing on July 7, 2026 even after the courtroom deputy again attempted to contact him by telephone and email. ECF No. 61 at 1.

The plaintiff cannot ignore Court orders and fail to attend Court hearings without repercussions. D.C.COLO.LCivR 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

In addition, Federal Rule of Civil Procedure 16(f) provides in part: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(ii)-(vii) permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quotation marks omitted). Specifically, a plaintiff's failure to diligently prosecute his case may lead to any of the sanctions identified above, including dismissal of an action. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002); *Arakji v. Hess*, No. 15-cv-00681-CMA-MJW, 2016 WL

759177, at *3 (D. Colo. Feb. 26, 2016) (dismissing case with prejudice for the plaintiff's failure to prosecute).

Here, the plaintiff twice failed to attend Court-ordered hearings and did not contact the Court to seek to reset the hearings or to request an accommodation despite understanding that he must do so. In addition to being a violation of the applicable rules, the case cannot proceed if the plaintiff does not participate.

Given the plaintiff's failure to prosecute his claims against the defendants and comply with the Court's June 18, 2026 and June 25, 2026 orders, ECF Nos. 58 and 59, the plaintiff shall show cause, in writing, why this Court should not recommend that his claims be dismissed without prejudice for failure to prosecute and failure to comply with this Court's order. **The plaintiff is advised that his failure to respond to this Order to Show Cause by the Court-ordered deadline may result in this Court dismissing his claims without prejudice, without further warning from the Court.**

Accordingly, it is hereby ORDERED that, **on or before July 29, 2026**, the plaintiff shall **SHOW CAUSE**, in writing, why the Court should not dismiss his claims without prejudice pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute and failure to comply with a Court order.

In addition to mailing it to the address on file with the Court, the Clerk of the Court shall email this Order to Show Cause to the plaintiff at: gtali14@gmail.com.

Entered and dated at Denver, Colorado, this 8th day of July, 2026.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

3